IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Manuel Carrero, Jr.,  :
                Petitioner  :
                             :
      v.  :      No. 259 M.D. 2021
                             :      Submitted: October 28, 2022
Pa. State Police Central Repository,  :
                Respondent  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT            FILED: January 12, 2023

Before this Court in our original jurisdiction are the preliminary objections filed by Pennsylvania State Police, Central Repository (Respondent), to the petition for review filed by Manuel Carrero, Jr. (Petitioner). Petitioner seeks declaratory and injunctive relief to challenge his criminal history information maintained by Respondent. For the reasons that follow, we sustain Respondent's preliminary objections and dismiss Petitioner's petition.[1]

The petition for review alleges that on October 25, 2019, Petitioner requested access to his criminal history record from Respondent. On December 23, 2019, Respondent provided Petitioner with a certified copy of his criminal history record, which the petition alleges to be erroneous in several ways. Petitioner's name is Manuel Carrero, Jr., not Manuel A. Carrero, who is his father; Petitioner's race is Hispanic, not "unknown" or "White;" and Petitioner's height is 5 feet 7 inches, not

_____

[1] Petitioner did not file a brief in opposition to Respondent's preliminary objections, and as such, this Court proceeds without Petitioner's brief.

5 feet 6 inches. Finally, the criminal history record improperly lists Petitioner's social security number. Petition for Review, ¶¶3-5. The petition alleges that Lieutenant Earl H. Rhoades knowingly and willfully placed false information in Petitioner's certified criminal history record and that Respondent "has a history of maintaining false criminal record[s]." Petition for Review, ¶¶5, 8. The petition asserts that Respondent has violated the requirement in the Criminal History Record Information Act (CHRIA)[2] that Respondent maintain complete and accurate criminal history record information.

Based on these allegations and legal claims, the petition seeks:

1) Declaratory relief: declaring [R]espondent maintained (willfully and knowingly) false record under Petitioner's birth name, and Petitioner's substantive due process right was violated[,] 18 Pa. C.S. [§]9151[,] and Petitioner was aggrieved by [R]espondent's action;

2) Injunctive Relief: ordering [R]espondent to remove all false info[rmation] from Petitioner's rap sheet with L.T. Rhoades punished. Sec. 9181 [of CHRIA, 18 Pa. C.S. §9181].

Petition for Review, ¶11.

In response, Respondent filed preliminary objections asserting the inclusion of scandalous or impertinent matter in the pleading; insufficient specificity to the pleading; legal insufficiency (demurrer); and failure to exercise or exhaust a statutory remedy. PA.R.CIV.P. 1028(a)(2), (3), (4), and (7).[3]

---

[2] 18 Pa. C.S. §§9101-9183.

[3] The rule states, in relevant part, as follows:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

\* \* \* \*

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences therefrom. *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). "The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Id*. We may sustain preliminary objections where the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id*.

We begin with Respondent's preliminary objection that Petitioner failed to exhaust the statutory remedy available under CHRIA. Generally, where a remedy is provided by statute, it must be pursued to the exclusion of other remedies. Where the statutory remedy is not adequate or complete, equity may provide relief to prevent irreparable harm. *Pennsylvania State Chamber of Commerce v. Torquato*, 125 A.2d 755, 766 (Pa. 1956).

CHRIA requires "every criminal justice agency within the Commonwealth to maintain complete and accurate criminal history record information[.]" 18 Pa. C.S. §9111. Section 9151(a) of CHRIA states that "[a]ny individual or his legal representative has the right to review, challenge, correct and appeal the accuracy and completeness of his criminal history record information." 18 Pa. C.S. §9151(a). In challenging the accuracy of the criminal history record, the individual must specify the errors and offer corrections. 18 Pa. C.S. §9152(c).

---

(3) insufficient specificity in a pleading;

(4) legal insufficiency of a pleading (demurrer);

* * * *

(7) failure to exercise or exhaust a statutory remedy[.]

PA.R.CIV.P. 1028(a)(2), (3), (4), and (7).

3

The criminal justice agency has 60 days to conduct a review of any challenge, and it bears the burden of proving the accuracy of the record. 18 Pa. C.S. §9152(d). Where it is established that a criminal history record is inaccurate, the criminal justice agency must correct the record. 18 Pa. C.S. §9114. "If the challenge is ruled invalid, an individual has the right to appeal the decision to the Attorney General within 30 days of notification of the decision by the criminal justice agency," and the Attorney General "shall conduct a hearing de novo in accordance with the Administrative Agency Law[, 2 Pa. C.S. §§501-508, 701-704]." 18 Pa. C.S. §9152(e).

In the instant matter, Respondent is a criminal justice agency within the meaning of CHRIA. 18 Pa. C.S. §9102 (defining "criminal justice agency" as including, but not limited to, "organized State and municipal police departments"). The petition for review does not allege that Petitioner presented his challenge to the accuracy of his criminal record to Respondent, as required by Section 9152 of CHRIA. 18 Pa. C.S. §9152. Nor does the petition allege that the statutory remedies in CHRIA for the correction of criminal history record information are inadequate. Because Petitioner has failed to pursue the statutory remedy available to him under CHRIA, we sustain Respondent's preliminary objection raised under PA.R.CIV.P. 1028(a)(7).

The petition for review also alleges that Respondent knowingly and willfully placed false information in Petitioner's criminal record, in violation of substantive due process. "The substantive protections of due process are meant to protect citizens from arbitrary and irrational actions of the government." *Gresock v. City of Pittsburgh Civil Service Commission*, 698 A.2d 163, 169 (Pa. Cmwlth. 1997) (citation omitted). "Preliminarily, for substantive due process rights to attach[,]

4

there must first be the deprivation of a property right or other interest that is constitutionally protected." *Khan v. State Board of Auctioneer Examiners*, 842 A.2d 936, 946 (Pa. 2004). Here, the petition does not specify whether it is based upon the Due Process Clause of the Fourteenth Amendment of the United States Constitution, U.S. CONST. amend. XIV, §1, or Article I, Section 9 of the Pennsylvania Constitution, PA. CONST. art. I, §9. However, substantive due process protections afforded under the United States Constitution and the Pennsylvania Constitution are analyzed the same and are, thus, coextensive. *Griffin v. Southeastern Pennsylvania Transportation Authority*, 757 A.2d 448, 452 (Pa. Cmwlth. 2000).

In the petition for review, Petitioner alleges that he requested access and review of his criminal history record information, and Respondent provided him with a certified copy thereof. The petition for review alleges there is erroneous information in that history, but it does not allege that Petitioner requested a correction from Respondent or pursued his remedy under Section 9151(a) of CHRIA, 18 Pa. C.S. §9151(a). Stated otherwise, the petition for review does not aver that Respondent has in any way restricted Petitioner's "right to review, challenge, correct and appeal" his criminal history record information. *Id*. Accordingly, it does not allege an arbitrary action of the government to deprive him of a right to correct his criminal history. *Khan*, 842 A.2d at 946. We conclude that the petition does not state a substantive due process claim and sustain Respondent's preliminary objection raised under PA.R.CIV.P. 1028(a)(4) asserting legal insufficiency.

Based on the foregoing, we sustain the preliminary objections asserting failure to exhaust a statutory remedy under PA.R.CIV.P. 1028(a)(7) and a demurrer

5

under PA.R.CIV.P. 1028(a)(4). Accordingly, we dismiss Petitioner's petition for review.[4]

                                 _____

                                 MARY HANNAH LEAVITT, President Judge Emerita

---

[4] Because we dismiss the petition for review based upon Petitioner's failure to exhaust a statutory remedy and a demurrer, we need not address Respondent's other remaining preliminary objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Manuel Carrero, Jr.,          :
        Petitioner     :
                             :
        v.          :     No. 259 M.D. 2021
                             :
Pa. State Police Central Repository,  :
        Respondent   :

# **O R D E R**

AND NOW, this 12th day of January, 2023, Pennsylvania State Police Central Repository's preliminary objections asserting a demurrer and failure to exercise or exhaust a statutory remedy are SUSTAINED. Manuel Carrero, Jr.'s Petition for Review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge Emerita